**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Christopher Fairley,

                    Petitioner,        Case No. 12-cr-20786
                                          Case No. 16-cv-12360

v.

                                             Judith E. Levy
United States of America,        United States District Judge

                    Respondent.

_____/

**OPINION AND ORDER DENYING MOTION TO VACATE
SENTENCE [20]**

Petitioner Christopher Fairley has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Dkt. 20.)

For the reasons set forth below, the motion is denied.

**I.    Background**

On February 21, 2013, Petitioner pleaded guilty to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (Dkts. 11, 15.) The Rule 11 plea agreement stated that "[t]here are no sentencing guideline disputes," and "defendant's guideline range is 84 to 105 months." (Dkt. 11 at 3.) On July 22, 2013, The Honorable

Gerald E. Rosen sentenced Petitioner to a term of eighty-four (84) months imprisonment and three years of supervised release. (Dkt. 15.)

Petitioner did not appeal his conviction or sentence, stating that "[c]ounsel explained there was no need to appeal." (Dkt. 20 at 4.) Instead, on June 23, 2016, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. 20.) To support his motion, Petitioner argues that the district court violated his Fifth Amendment right to due process when it erred in applying a four-level enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), where there was a "firearm [that had] an obliterated serial number," because there were no facts to establish that Petitioner removed the serial number. (*Id*. at 4.) As a remedy, Petitioner requests that his sentence be reduced or vacated. (*Id*. at 12.)

In his response brief, Petitioner further argues that the district court erred in finding a base offense level of 24, instead of 20, because he was not convicted of two or more felonies that qualified for the four-point sentencing enhancement. (Dkt. 28.)

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Thus, a prisoner seeking relief must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006)) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).

To prevail on a claim of constitutional error, a prisoner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect" on the proceedings. *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009) (citing *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). This standard "is in essence an assessment of the prejudicial impact of the constitutional violation."

*Fleming v. United States*, 192 F. Supp. 3d 841, 843 (E.D. Mich. 2016) (citing *McCary v. Lewis*, 255 F. App'x 78, 79 (6th Cir. 2007)).

### III. Analysis

Petitioner argues that his sentence was imposed in violation of his due process rights, as set forth in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), because a four-level enhancement to the base offense level was erroneously applied, which increased his Guidelines range and therefore his sentence of eighty-four months. (Dkt. 20.) Respondent argues the motion to vacate is time-barred, procedurally defaulted, and lacks merit. (Dkt. 29.)

### *Statute of Limitations*

Respondent argues that Petitioner's motion is time-barred by the one-year statute of limitations. (Dkt. 29 at 4–5.) Petitioner responds that the legal basis for his claim, *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), as applied retroactively by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 892 (2016), was not available during the time for appeal and he therefore could not file a motion at that time. (Dkt. 20 at 12–13.)

A one-year period of limitation applies to a motion filed pursuant to section 2255, and runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner argues that his claim is based on the new rule announced in *Johnson v. United States*, which held that part of the definition of "violent felony"—"or otherwise involves conduct that presents a serious potential risk of physical injury to another"—in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was void-for-vagueness and therefore violated due process. 135 S. Ct. at 2557. Thus, it was

unconstitutional for courts to increase a defendant's sentence under the act pursuant to this part of the definition, known as the residual clause. *Id*.

But the four-point enhancement applied to Petitioner's sentence was not made pursuant to the residual clause at issue in *Johnson*. The four-point enhancement was made pursuant to USSG § 2K2.1(b)(4)(B), which states that the base offense level should be increased by four levels "[i]f any firearm . . . had an altered or obliterated serial number." *Johnson* does not apply to Petitioner's claim, and the basis of his claim is not a new rule, but law that existed at the time of his sentencing.

Thus, Petitioner had one year to file this motion from the date on which his conviction became final – i.e., one year after the time for him to appeal expired. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013). In this case, a final judgment was entered in July 23, 2013 (Dkt. 15), and Petitioner then had fourteen days to appeal, or until August 6, 2013. Fed. R. App. P. 4(b)(1)(A)(i). Because Petitioner never appealed, he had until August 6, 2014 to file a motion to vacate. *Gillis*, 729 F.3d at 644. Petitioner's motion was filed on June 23, 2016, nearly two years after the statute of limitations expired.

Although Petitioner argues that the motion is not time-barred because *Johnson* was a new rule not available at the time his conviction became final, as set forth above, *Johnson* does not apply to Petitioner's claim and cannot excuse the untimeliness of the motion.

Accordingly, the motion to vacate is time-barred and must be dismissed.

IV. **Conclusion**

For the reasons set forth above, Petitioner's motion to vacate his sentence (Dkt. 20) is DENIED.

IT IS SO ORDERED.

Dated: June 12, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2017.

  s/Felicia M. Moses
  FELICIA M. MOSES
  Case Manager